IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LARRY FOSTER

          Plaintiff,

v.                                          CIVIL ACTION NO. 2:19-cv-00818

FRANK NASH, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Summary Judgment [ECF No. 12] filed by Defendants Slurry Pavers, Inc. ("Slurry") and Frank Nash, a Slurry employee. Plaintiff Larry Foster has failed to respond and the time to do so has elapsed. The Motion is now ripe for adjudication. The Motion is **GRANTED** for the reasons that follow.

I.    Background

On October 8, 2019, Plaintiff filed his Complaint against Defendants in the Circuit Court of Nicolas County, West Virginia. Plaintiff alleges the following claims against Defendants: Count One – disability discrimination in Violation of the West Virginia Human Rights Act (the "Human Rights Act"); Count Two – Breach of an Offer of Employment and/or Detrimental Reliance/Estoppel; and Count Three – Violation of the West Virginia Wage Payment and Collection Act (the "WPCA").

Plaintiff alleges that in summer of 2018, Slurry, his employer at the time, asked him to take some time off. Pl.'s Compl. ¶ 11 [ECF No. 1–A]. Plaintiff claims in his Complaint that Slurry promised him his job back if he completed rehabilitation classes and attend counseling sessions. *Id.* at ¶ 12. After completing the agreed upon treatment, Plaintiff claims that Slurry gave him a restart day in late November 2018. *Id.* at ¶ 14. Defendants allegedly then delayed Plaintiff's start date, promising to pay him during the time he was delayed. *Id.* at ¶ 15. Defendants allegedly continued to promise Plaintiff work. *Id.* Plaintiff claims that when he requested his check he was terminated. *Id.* at ¶ 18. According to the Complaint, "Plaintiff had a disability as defined by WVHRA [West Virginia Human Rights Act] – namely prior addition [sic] and was taking medication prescribed by his physician." *Id.* at ¶ 21. Plaintiff claims Defendants' adverse employment actions were because of Plaintiff's disability and that Defendants failed to accommodate his disability.

On November 19, 2019, Defendants removed this case based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). [ECF No. 1]. On January 15, 2020, Defendants served the First Set of Interrogatories, Requests for Production of Documents, and Request for Admission to Plaintiff. [ECF No. 8]. Plaintiff inexplicably failed to respond to Defendants' requests. As of the date that Defendants filed their Motion for Summary Judgment, approximately 47 days had passed since Defendants served Foster with discovery. To this date, Foster has not filed his answers and responses. The parties had not agreed to an extension for Foster's answers and responses nor had Foster motioned the Court to extend the deadline.

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

In this case, Plaintiff did not respond to the summary judgment motion. "Although the failure of a party to respond to a summary judgment motion may leave

uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415 (4th Cir.1993). Accordingly, the court must still review the pending summary judgment motion under the ordinary summary judgment standard to determine whether Defendants are entitled to judgment as a matter of law.

### III. Discussion

When a party serves Requests for Admissions, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36(b) provides, in part, that any matter "admitted under this rule is conclusively established...." *Gardner v. Borden, Inc.*, 110 F.R.D. 696, 697 (S.D.W. Va. 1986).

In this case, Defendants' discovery requests included the following Requests for Admission:

(1) Admit that Plaintiff took a urine drug test on September 18, 2018, which showed a positive result for Methamphetamine.

(2) Admit that Plaintiff sent Slurry Human Resources employees the results of a urine drug test taken by Plaintiff on September 20, 2018, which showed a positive result for Buprenorphine.

(3) Admit that Plaintiff attended a rehabilitation clinic for drug addiction.

(4) Admit that Slurry did not promise Plaintiff he could return to work upon completion of a drug rehabilitation program.

(5) Admit that Plaintiff does not have a physical or mental impairment that substantially limits him in one or more major life activities.

(6) Admit that Plaintiff was terminated because he tested positive for Methamphetamine.

(7) Admit that Slurry's "Drug and Alcohol Policy" provides discipline up to and including termination if an employee tests positive for an illegal drug.

(8) Admit that Plaintiff never physically returned to work or performed work for Slurry after his termination on September 26, 2018.

(9) Admit that Plaintiff received full payment for any work he actually performed.

(10) Admit that Plaintiff has no evidence that Slurry offered Plaintiff an opportunity to return to work upon completion of a drug rehabilitation program.

Defs.' Req. for Admis. Nos. 1–10 [ECF No. 12–A]. Defendants properly served these requests. *See* Defs.' Certificate of Service for Reqs. for Admis. to Pl. [ECF No. 8]. Plaintiff, without explanation, never responded to these requests for admission. The 30-day time period to respond has passed and thus each of these matters are deemed admitted by Plaintiff.

In light of these factual admissions, Plaintiff has not offered even a "scintilla of evidence" that would create a dispute of material fact on essential elements of his case. *See Anderson*, 477 U.S. at 252. Summary judgment for the Defendants is therefore appropriate.

### (a) Human Right Act

Plaintiff's disability discrimination claim alleged in Count One of the Complaint made pursuant to the Human Rights Act fails as a matter of law. The Human Rights Act provides that "it shall be an unlawful discriminatory practice for any employer to discriminate against an individual with respect to compensation,

hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is . . . disabled[.]" W.Va. Code § 5-11-9(1). In order "to establish a prima facie case of disability discrimination, the plaintiff must show that he is a disabled person within the meaning of the law, that he is qualified to perform the essential functions of the job (either with or without a reasonable accommodation), and that he has suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises." *Skaggs v. Elk Run Coal Co.*, 479 S.E.2d 561, 581 n.22 (W.Va. 1996); *see also Woods v. Jefferds Corp.*, 824 S.E.2d 539, 547 (W. Va. 2019).

The Human Rights Act allows a plaintiff to demonstrate his or her disability three distinct ways. The Human Rights Act defines a "disability" as:

> (1) A mental or physical impairment which substantially limits one or more of such person's major life activities. The term "major life activities" includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working;  (2) A record of such impairment; or  (3) Being regarded as having such an impairment.

W.Va. Code § 5-11-3(m). The regulations explicitly include within this definition "drug addiction." W.Va. C.S.R. § 77-1-2.4. "However, use or abuse of alcohol, tobacco or drugs in the absence of medically verifiable addiction does not constitute a 'Physical or Mental Impairment.'" *Id.* The statute extends protected status to persons who not only have an "actual disability" but also those who have a "record of" or are "regarded-as" having a disability. *Stone v. St. Joseph's Hosp. of Parkersburg*, 538 S.E.2d 389, 400 (W. Va. 2000).

In this case, Defendants argue that Plaintiff does not qualify as a person with a disability as defined in the statute. Defendants misunderstand the law. The basis of their argument is that Foster admits he "does not have a physical or mental impairment that substantially limits him in one or more major life activities." This admission means Foster does not have an "actual disability" under the law. This admission does not, however, speak to whether Plaintiff has a "record of" drug addiction or is "regarded-as" having a drug addiction. *See Stone*, 538 S.E.2d at 400.

Nevertheless, viewing the evidence in the light most favorable to Foster, I find that his claim under the Human Rights Act does not survive summary judgment. There is no material dispute of fact that the adverse employment action was not based on Foster's alleged disability. By failing to respond to Defendants' Requests for Admissions, Foster admitted that (1) he took a drug test on September 18, 2018, which showed a positive result for Methamphetamine; (2) Slurry's "Drug and Alcohol Policy" provides discipline up to and including termination if an employee tests positive for an illegal drug; and (4) he was terminated because he tested positive for Methamphetamine. Terminating an employee for "current illegal drug use" does not constitute discrimination based on disability under anti-discrimination laws. *See Shafer v. Preston Mem'l Hosp. Corp.*, 107 F.3d 274, 281 (4th Cir. 1997) (involving claims under the American with Disabilities Act, the Rehabilitation Act, and the Human Rights Act). Slurry terminated Foster for a legitimate non-discriminatory reason that was not related to any alleged disability. Foster fails to show he has suffered an adverse employment action under circumstances from which an inference

7

of unlawful discrimination arises. Defendants' Motion for Summary Judgment on Count One for Violation of the Human Rights Act is **GRANTED**.

### (b) Breach of Offer of Employment

Plaintiff's claim for Breach of Offer of Employment and/or Detrimental Reliance/Estoppel alleged in Count Two of the Complaint fails as a matter of law. West Virginia law recognizes that "under certain circumstances, employers may be bound by promises that they make to their employees." *Tiernan v. Charleston Area Med. Ctr., Inc.*, 575 S.E.2d 618, 624 (W. Va. 2002); *see also* Cook v. Heck's, 342 S.E.2d 453, 458 (W. Va. 1986) (finding promises made in employee handbook may be legally binding). "Where an employee seeks to establish a permanent employment contract or other substantial employment right, either through an express promise by the employer or by implication from the employer's personnel manual, policies, or custom and practice, such claim must be established by clear and convincing evidence." *Tiernan*, 575 S.E.2d at 624. Equitable estoppel cannot arise merely based on a misleading statement by an employer. *Id.* "It must appear that the one who made the statement intended or reasonably should have expected that the statement would be acted upon by the one claiming the benefit of estoppel, and that he, without fault himself, did act upon it to his prejudice." *Id.*

In this case, Plaintiff's claim fails as a matter of law. Because of his failure to respond, Foster admits that Slurry did not promise Plaintiff he could return to work upon completion of a drug rehabilitation program. There is no evidence that Defendants made any promises to Foster upon which he detrimentally relied. Thus,

there is not a dispute of material fact that would allow Plaintiff's claim to survive a motion for summary judgment. Defendant's Motion for Summary Judgment on Count Two for Breach of Offer of Employment and/or Detrimental Reliance/Estoppel is **GRANTED**.

### (c) Wage Payment and Collection Act

Plaintiff's claim for violation of the WPCA, alleged in Count Three of the Complaint fails as a matter of law. The WPCA requires "wages" to be paid to employees within certain timeframes. *See* W.Va. Code § 21-5-1 et seq. The failure to pay "wages" within the specific time period constitutes a violation of the Act and justifies the imposition of sanctions provided for by the Act. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 536 (W. Va. 2002). The term "wages" is defined as follows:

> [C]ompensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation. As used in sections four [§ 21-5-4], five [§ 21-5-5], eight [§ 21-5-8a], ten [§ 21-5-10] and twelve [§ 21-5-12] of this article, the term "wages" shall also include then accrued fringe benefits capable of calculation and payable directly to an employee: Provided, That nothing herein contained shall require fringe benefits to be calculated contrary to any agreement between an employer and his or her employees which does not contradict the provisions of this article.

W.Va. Code § 21-5-1(c). Because Foster admits that he "received full payment for any work he actually performed" there is no dispute of material fact that Defendants do not owe Foster any "wages." Thus, Plaintiff has failed to demonstrate that there is an issue for the jury to decide as to whether Defendants violated the WPCA. Defendants'

Motion for Summary Judgment on to Count Three for Violation of WPCA is **GRANTED**.

### IV. Conclusion

Defendants' Motion for Summary Judgment [ECF No. 12] is **GRANTED** on all claims. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 18, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE